76666.0023

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAIME GONZALEZ | § § | |
| Plaintiff, | § § | |
| V. | § § § | Civil Action No. 5:15-CV-92 |
| TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY | § § § § | |
| Defendant | § | |

## DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE'S NOTICE OF REMOVAL

Defendant TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 406TH Judicial District Court, Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, the Court for the District and Division encompassing the place for the lawsuit is currently pending. In support of this removal, Defendants rely upon the Appendix Filed in Support of Defendants' Notice of Removal filed contemporaneously herewith and shows the following:

## I.
## INTRODUCTION

1. On March 19, 2015, Plaintiff Jaime Gonzalez filed his original petition in the 406TH Judicial District Court, Webb County, Texas captioned *Jaime Gonzalez v. Travelers Lloyds of Texas Insurance Company*, Cause Number 2015CVF00096004 (the "State Court Action").

2. Defendants were served with citation for the State Court Action on March 25, 2015.

## II.
## BASIS FOR REMOVAL

1

76666.0023

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiffs seek "monetary relief of over $100,000.00 but not more than $200,000.00." *See* Exhibit A-2. Accordingly, the amount in controversy in this matter he meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs

5. On the date of this removal and at all relevant times, Plaintiff JAIME GONZALEZ is an individual, resident citizen of Texas.

6. Defendant Travelers Lloyds of Texas Insurance Company is a Lloyd's plan insurance association and an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993): *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001)(" For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.).

7. On the date of this removal and at all relevant times, Travelers Lloyds of Texas Insurance Company's underwriters are all citizens of Connecticut; none of its underwriters are citizens of Texas. *See* Exhibit B. Accordingly, Travelers Lloyds of Texas Insurance Company is a citizen of Connecticut.

8. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

2

76666.0023

9. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

10. This Notice of Removal is filed within thirty (30) days after service (on March 25, 2015) by Defendant of the State Court Action. This Notice of Removal is also been filed within one year of the filing of Plaintiffs' Original Petition by which the State Court Action was commenced. This Notice, therefore, if timely filed pursuant to 28 USC §1446 (b).

## III.
## PROCEDURAL REQUIREMENTS

12. In accordance with 28 USC section 1446 (D), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 406TH Judicial District Court, Webb County, Texas.

13. Defendant reserves the right to amend or supplement this Notice of Removal.

14. The following are included in the Appendix filed contemporaneously with this Notice of Removal:

(a) an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

(b) a copy of the civil case information sheet in the State Court Action;

(c) a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

(d) a separately filed Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court.

76666.0023

For the above reasons, Defendants give notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: 24 April, 2015

        Respectfully submitted,

        ADAMI, SHUFFIELD, SCHEIHING
            & BURNS, P.C.
        9311 San Pedro, Suite 900
        San Antonio, Texas 78216
        Telephone (210) 344-0500
        Telecopier (210) 344-7228
        bscheihing@adamilaw.com

By: _____
        ROBERT F. SCHEIHING
        State Bar No. 17736350

ATTORNEY FOR DEFENDANTS

76666.0023

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure this 24 day of February, 2015:

Benjamin M. Tenenholtz
Speights & Worrich
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232

ROBERT F. SCHEIHING

5